UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:  **CONSENT FINAL ORDER OF**
- v. -  **FORFEITURE/**
:  <u>MONEY JUDGMENT</u>
JOHN BUCCI,
:  21 Cr. 752 (RMB)
      Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      WHEREAS, on or about December 13, 2021, JOHN BUCCI (the "Defendant"), was charged in a Sealed Information, 21 Cr. 752 (RMB) (the "Information"), with conspiracy to commit healthcare fraud, in violation of Title 18, United States Code, Section 1349 (Count One); making false statements relating to healthcare matters, in violation of Title 18, United States Code, Sections 1035 and 2 (Count Two); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Three); and conspiracy to engage in Travel Act bribery, in violation of Title 18, United States Code, Section 1952 (Count Four).

      WHEREAS, the Information included a forfeiture allegation as to Count One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7);

      WHEREAS, the Information also included a forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1);

      WHEREAS, the Information also included a forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

WHEREAS, on or about December 13, 2021, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(7), and Title 28, United States Code, Section 2461(c), a sum of money in United States currency, as a result of the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $243,284.25 in United States currency, representing, pursuant to Title 18, United States Code, Section 982(a)(7) the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained; pursuant to Title 18, United States Code, Section 982(a)(1), the property involved in the offense charged in Count Three of the Information; and, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) the amount of proceeds traceable to the offense charged in Count Four of the Information that the Defendant personally obtained.

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged in Counts Three And Four of the Information, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Mathew Andrews, of counsel, and the Defendant and his counsel, David Wikstrom, Esq., that:

1. As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $243,284.25 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained and property involved in the offense charged Counts Three and Four of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JOHN BUCCI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

       7.       The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[Intentionally Left Blank]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____     9/16/25
MATHEW ANDREWS                    DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-6526


JOHN BUCCI

By: _____     9/16/2025
JOHN BUCCI                        DATE


By: _____     9/16/2025
DAVID WIKSTROM, ESQ.              DATE
Attorney for Defendant


SO ORDERED:

_____         9/16/25
HONORABLE RICHARD M. BERMAN       DATE
UNITED STATES DISTRICT JUDGE